```
Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN MITCHELL, as an individual and doing business as "Precision Masonry",<br><br>Defendant. | CASE NO. CV 08 2178<br><br>COMPLAINT FOR BREACH OF BARGAINING AGREEMENT; RECOVERY OF DELINQUENT WAGE & FRINGE BENEFIT CONTRIBUTIONS; INJUNCTION |

Plaintiffs, and each of them, complain against the above-named defendants and allege as follows:

I
**FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions)**
**(29 U.S.C. Section 1145)**
(As to Brian Mitchell)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan,

1  its respective trust agreement and a collective bargaining
2  agreement.  Jurisdiction of this action is conferred on this
3  Court by the provisions of the Employee Retirement Income
4  Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),
5  and (f) and 1145.  Jurisdiction of this action is also conferred
6  on this Court by the provisions of 28 U.S.C. Section 1331(a).
7     2. This District is the appropriate venue for this action,
8  pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are
9  administered in this District and the breach took place in this
10 District.
11    3. Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
12 CRAFTWORKERS, AFL-CIO, LOCAL NO. 3, an affiliate of the
13 International Union Of Bricklayers And Allied Craftsmen, AFL-CIO,
14 hereinafter the "Union", is and at all times material herein was
15 a labor organization and the collective bargaining representative
16 for persons who are engaged, by defendants as masons in the
17 construction industry in Northern California.  As such the Union
18 is a employee organization representing employees in an industry
19 affecting commerce, within the meaning of Section 301 of the
20 LMRA, the definitions contained in Sections 2(5), and 501(1) and
21 (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29
22 U.S.C. Sections 1002(4) and 1003.  The Union maintains its
23 principal office for such purpose in Oakland, California.
24    4. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3
25 PENSION TRUST (hereinafter "Pension Fund"), TRUSTEES OF THE
26 BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST (hereinafter
27 "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS
28 LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter "Apprentice

Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND (hereinafter "International Pension Fund"), are trustees and fiduciaries of multiemployer employee benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and (37) and 1132(d)(1). The Pension Fund, Welfare Fund and Apprentice Fund each has its office in San Francisco, California.

5. The Union brings this action on behalf of itself and as agent for its members and other individuals whose identity is not currently known to plaintiffs, hereinafter referred to as "Mason Employees". The Mason Employees were employed by defendant Brian Mitchell dba Precision Masonry to perform work under the collective bargaining agreement described in paragraphs 7, 8, 13 and 18 through 21 of this complaint.

6. Defendant BRIAN MITCHELL (hereinafter "Mitchell") is, and at all times material herein was, an individual doing business as "Precision Masonry" a corporation with its principal office and place of business in Vallejo, California. At all times material herein, Mitchell has engaged in the construction industry in California and as such has been an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. Sections 1002(5) and 1003, Section 301 of the LMRA, and of the definitions contained in Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections 152(2), 142(1) & (3)). Mitchell is a licensed masonry contractor.

7. At all times material herein, the Union has been party to a written collective bargaining agreement with Mitchell which agreement requires that Mitchell pay various wages and fringe benefits to its employees. Pursuant to the terms of the

1 collective bargaining agreement, Mitchell agreed to be bound by
2 the terms and conditions of each of the trust agreements under
3 and in accordance with which each of the Funds was established
4 and is maintained.

5     8. The collective bargaining agreement and the trust
6 agreements all require Mitchell to report in writing each month
7 to the administrator of the Funds the total number of hours
8 worked by any person employed by Mitchell to perform work within
9 the jurisdiction of the collective bargaining agreement
10 (hereinafter referred to as the "remittance reports"). The
11 collective bargaining agreement and the trust agreements all
12 require Mitchell to submit those monthly remittance reports
13 together with the payments indicated by those reports to the
14 administrator of the Trusts by the 15th day of the calendar month
15 first following the calendar month in which the hours were
16 worked.

17     9. Mitchell has failed to file the required remittance
18 reports and payments to the administrator for the funds for hours
19 worked during the month of October 2007 and during the period
20 from December 1, 2007 to the present.

21     10. Mitchell has failed to pay the required fringe benefit
22 contributions to the Funds, and the required vacation and dues
23 check-off payments (hereinafter "wages") to the Mason Employees
24 and the Union, for work performed during the month of October
25 2007 and during the period from December 1, 2007 to the present
26 by persons employed by Mitchell to perform work under the
27 Agreement.

28     11. Demand has been made for the reports and payment, but

1  Mitchell has refused and continues to refuse to submit the
2  reports and pay the amounts due for work performed during the
3  month of October 2007 and from December 1, 2007 to the present.
4       12. Mitchell has also failed to timely pay the wage and
5  fringe benefits owed to the Trusts for the time periods from July
6  1 through October 31, 2006 and January 1 through April 30, 2007.
7       13. Pursuant to the Trust Agreements, the collective
8  bargaining agreement and by statute (ERISA section 502(g)(2)(B)),
9  if payments are not made, or if remittance reports are not
10 submitted in a timely manner, Mitchell is required to pay
11 liquidated damages on the principal amount due equal to (i) the
12 greater of one hundred dollars ($100.00) or ten percent (10%) of
13 the unpaid monthly contributions if the principal amount is paid
14 within 30 days of the due date, and (ii) twenty percent (20%) of
15 the unpaid monthly contributions if the contributions are paid
16 more than 30 days after the due date.  Mitchell has failed to pay
17 full 20% liquidated damages on delinquent payments made to the
18 trusts for hours worked from during the time periods from July 1
19 through October 31, 2006 and January 1 through April 30, 2007,
20 and has paid no liquidated damages on delinquent payments due to
21 the trusts for hours worked during the month of October 2007 and
22 during the period from December 1, 2007 through the present. This
23 liquidated damage amount is owed on all hourly fringe benefits
24 accrued to the present, in an amount of at least $2,548.82.  In
25 addition, under the terms of ERISA (section 502(g)(2)), the trust
26 agreements and Article VII of the Collective Bargaining
27 Agreement, plaintiffs are entitled to attorney's fees, auditor's
28 fees, interest and collection costs on any delinquency described

in this complaint.

14. Plaintiffs are entitled to unpaid fringe benefits due the Pension Fund, the International Pension Fund, the Welfare Fund and the Apprentice Fund for hours worked during the month of October 2007 and during the period from December 1, 2007 to the present in an amount to be determined, plus interest thereon from November 15, 2007, plus plaintiff's attorney's fees and costs, plus the greater of liquidated damages in an amount of at least $2,548.82 or interest, plus penalties, pursuant to 29 U.S.C. Section 1132(g)(2), Labor Code Sections 201, 203, 218.5 and 218.6, all according to proof.

II
SECOND CLAIM FOR RELIEF
(Breach of Contract)
(29 U.S.C. Section 185)

15. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 14, inclusive, of this complaint as though fully set forth at this point.

16. This is an action to enforce a collective bargaining agreement pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

17. The Union and the persons on whose behalf the Union brings this action have duly performed all conditions of the agreement on their part to be performed.

18. Article VII, Section C of the collective bargaining agreement states:

> "Each monthly contribution to the Trusts shall be made promptly and is due on or before the fifteenth (15th) day of the calendar month following the month such hours are worked. If not paid in full by the fifteenth (15th) day of the month will be delinquent and subject to liquidated damages."

19. Article VII, Section C of the collective bargaining agreement further provides that should Mitchell fail to submit reports or make the required payments by the agreed date, Mitchell shall be liable for liquidated damages. In relevant part, the collective bargaining agreement states:

> "The Association, NCMCMBA and the Union recognize and acknowledge that the regular and prompt payment of employer contributions and the furnishing of report forms is essential to the maintenance of the Trusts, and it would be extremely difficult, if not impractical, to fix the actual damage and expense to the Trusts which would result from failure of any employer to pay such monthly contributions and furnish contribution forms within the time provided. Therefore, the amount of damages to the Trusts resulting from any such failure shall be presumed to be the sum of one hundred dollars ($100.00) or ten percent (10%) of all contributions due, whichever is greater. If the delinquency persists for over thirty (30) days, the charge will be twenty percent (20%) of the amount due. Such amount shall become due and payable to the Trusts by the delinquent employer as liquidated damages and not as a penalty and payable at the place where the contribution is payable upon the day immediately following the date on which the contribution became delinquent. In addition to such liquidated damages, the delinquent employer shall also be liable for interest, calculated at 10% per year, on the amount of the delinquent fringe benefit payments."

20. Article VII, Sections B of the collective bargaining agreement states that in the event it is necessary for the Union or the Trusts to file an action to compel production of monthly reports, and for the collection of any and all wages, fringe benefit contributions, Industry Funds and liquidated damages, the

1  Union and the Trusts are entitled to recover interest at the rate
2  of 10% per year, all costs of suit and reasonable attorney's fees
3  incurred in enforcing this obligation.  The plaintiffs have
4  incurred attorney's fees and costs in an attempt to recover the
5  delinquent wage and fringe benefit payments.
6        21. The collective bargaining agreement further requires
7  Mitchell to report to the Union the street address of all work in
8  the Union's jurisdiction at least five (5) calendar days before
9  such work commences for the period from August 10, 2007 through
10 June 30, 2008.  Mitchell shall pay to the Union $250.00 for each
11 violation of the requirements described in the preceding
12 sentence.
13       22. Defendant Mitchell breached the collective bargaining
14 agreement by refusing or failing: (i) to submit monthly reports
15 to the Trusts for hours worked in the month of October 2007 and
16 during the period from December 1, 2007 to the present; (ii) to
17 pay fringe benefits and wages when due in an amount to be
18 determined; (iii) to pay liquidated damages and interest on late
19 payments of fringe benefits as agreed in an amount of at least
20 $2,548.82; (iv) to report to the Union the street address of all
21 work in the Union's jurisdiction at least five (5) calendar days
22 before such work commences at any time during the period from
23 August 10, 2007 through the present; and (v) to pay attorney's
24 fees and other collection costs in an amount to be determined,
25 all to the detriment of Plaintiffs.
26       23. As a consequence of the above-described breach,
27 Plaintiffs are entitled to damages in an amount equal to the
28 wages and fringe benefit payments required by the agreement in an

amount to be determined, interest thereon from the original date of each late payment at the rate of 10% per year, liquidated damages in an amount of at least $2,548.82, $250.00 for each failure to report to the Union the street address of all work in the Union's jurisdiction at least five (5) calendar days before such work commences during the period from August 10, 2007 through the present in an amount of at least $250.00, penalties, attorney's fees and costs in an amount to be determined, pursuant to the collective bargaining agreement, the trust agreements incorporated therein to which Mitchell has agreed to be bound, California Civil Code section 3287, and California Labor Code sections 201, 203, 218.5 and 218.6.

### III
### THIRD CLAIM FOR RELIEF
### (Injunction)

24. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 23 of this complaint as though fully set forth at this point.

25. Under the terms of the collective bargaining agreement and each of the Trust Agreements governing the Pension Fund, the Welfare Fund, the Apprentice Fund and the International Pension Fund, the plaintiffs are entitled to audit the payroll and other related records of Mitchell as necessary. Where, as here, the employer has failed to file the required periodic reports, plaintiffs are entitled to conduct such audit at the expense of defendants Mitchell.

26. The audit is necessary to determine the exact number of hours worked under the collective bargaining agreement and the exact amount of the delinquencies, liquidated damages and

28  plus interest thereon at the legal rate from the original due

COMPLAINT    10

1  dates commencing November 15, 2007 until paid;
2      (b) plus plaintiffs' attorney's fees and costs in an amount
3  to be determined;
4      (c) plus the greater of liquidated damages in an amount of
5  at least $2,548.82, calculated at 20% of the principal amount or
6  interest;
7      (d) plus interest at the rate of 10% per year commencing
8  November 15, 2007;
9      (e) plus $250.00 for each failure to report to the Union the
10 street address of all work in the Union's jurisdiction at least
11 five (5) calendar days before such work commences during the
12 period from August 10, 2007 to the present in an amount of at
13 least $250.00;
14     all according to proof, pursuant to the agreement between
15 plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor
16 Code Section 218.5 and any other statute so providing; and,
17 For penalties against defendant Brian Mitchell pursuant to
18 California Labor Code Section 203.
19 **III. On the Third Claim for Relief:**
20 For an injunction ordering BRIAN MITCHELL as an individual and
21 doing business as Pacific Coast Masonry:, to submit to an audit,
22 for the period from January 1, 2007 through the date of the
23 audit, as required by the terms of the collective bargaining
24 agreement and the Trust Agreements. For attorney's fees and
25 costs pursuant to the collective bargaining agreement and Trust
26 Agreements incorporated therein in an amount according to proof.
27 ///
28 ///

**III. On Each and Every Claim for Relief:**

    For such relief as the Court deems proper.

Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

Dated: April 28, 2008        KATZENBACH AND KHTIKIAN

                                    By: _____
                                          KIMBERLY A. HANCOCK
                                          Attorney for Plaintiffs