David Miller, SBN: 104139
MILLER & ANGSTADT
A Professional Corporation
1910 Olympic Boulevard, Suite 220
Walnut Creek, CA 94596
Telephone: 925-930-9255
Facsimile: 925-930-7595

Attorney for Defendant
BRIAN MITCHELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, of behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MITCHELL, as an individual and doing business as "Precision Masonry:,<br><br>Defendant.<br>_____ / | CASE NO. CV08-2178 JCS<br><br>**ANSWER OF DEFENDANT BRIAN MITCHELL TO COMPLAINT FOR BREACH OF BARGAINING AGREEMENT; RECOVERY OF DELINQUENT WAGE & FRINGE BENEFIT CONTRIBUTIONS; INJUNCTION** |

Defendant BRIAN MITCHELL (hereafter "Defendant MITCHELL") responds to the Complaint (hereafter called "Complaint") of TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS

1

*Answer of Defendant*
*Brian Mitchell d.b.a. Precision Masonry*

LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, and; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND, (hereafter called "PLAINTIFFS) as follows:

## FIRST CAUSE OF ACTION
**(Delinquent Contributions 29 U.S.C. Section 1145 as to Brian Mitchell)**

1.  Responding to paragraph 1 of the Complaint, Defendant MITCHELL admits the allegations therein.

2.  Responding to paragraph 2 of the Complaint, Defendant MITCHELL admits the allegations therein.

3.  Responding to paragraph 3 of the Complaint, Defendant MITCHELL admits the allegations therein.

4.  Responding to paragraph 4 of the Complaint, Defendant MITCHELL admits the allegations therein.

5.  Responding to paragraph 5 of the Complaint, Defendant MITCHELL admits that it employed employees in the masonry trade pursuant to the collective bargaining agreement described in paragraph 7 of the Complaint. Responding further, and except as so admitted Defendant MITCHELL denies each and every, all and singular, of the remaining allegations.

6.  Responding to paragraph 6 of the Complaint, Defendant MITCHELL denies that "Precision Masonry" is a corporation. Responding further, Defendant MITCHELL admits the remaining allegations therein.

7.  Responding to paragraph 7 of the Complaint, Defendant MITCHELL admits the allegations therein.

8.  Responding to paragraph 8 of the Complaint, Defendant MITCHELL admits the allegations therein.

9.  Responding to paragraph 9 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

10. Responding to paragraph 10 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

11. Responding to paragraph 11 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

12. Responding to paragraph 12 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

13. Responding to paragraph 13 of the Complaint, Defendant MITCHELL lacks information sufficient to permit an informed response, and on that basis denies each and every, all and singular, of the allegations therein.

14. Responding to paragraph 14 of the Complaint, Defendant MITCHELL lacks information sufficient to permit an informed response, and on that basis denies each and every, all and singular, of the allegations therein.

## SECOND CAUSE OF ACTION
**(Breach of Contract 29 U.S.C. Section 185)**

15. Responding to paragraph 15 of the Complaint, Defendant MITCHELL repleads his responses to paragraphs 1 through 14 of the Complaint as though fully set forth at this point.

16. Responding to paragraph 16 of the Complaint, Defendant MITCHELL admits the allegation therein.

17. Responding to paragraph 17 of the Complaint, Defendant MITCHELL upon information and belief, denies each and every, all and singular, of the allegations therein.

18. Responding to paragraph 18 of the Complaint, Defendant MITCHELL admits the content of the cited collective bargaining agreement. Responding further, and except as so admitted, Defendant MITCHELL denies each and every, all and singular, of the remaining allegations therein.

19. Responding to paragraph 19 of the Complaint, Defendant MITCHELL admits the content of the cited collective bargaining agreement. Responding further, and except as so admitted, Defendant MITCHELL denies each and every, all and singular, of the remaining allegations therein.

20. Responding to paragraph 20 of the Complaint, Defendant MITCHELL admits the content of the cited collective bargaining agreement. Responding further, and except as admitted, Defendant MITCHELL denies each and every, all and singular, of the remaining allegations therein.

21. Responding to paragraph 21 of the Complaint, Defendant MITCHELL admits the content of the cited collective bargaining agreement. Responding further, and except as admitted, Defendant MITCHELL denies each and every, all and singular, of the remaining allegations therein.

22. Responding to paragraph 22 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

23. Responding to paragraph 23 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

### THIRD CAUSE OF ACTION
(Injunction)

24. Responding to paragraph 24 of the Complaint, Defendant MITCHELL repleads his responses to paragraphs 1 through 23 of the complaint as though fully set forth to this point.

25. Responding to paragraph 25 of the Complaint, Defendant MITCHELL admits the allegations in the first sentence thereof. Responding further, Defendant MITCHELL denies each and every, all and singular, of the remaining allegations therein.

26. Responding to paragraph 26 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

27. Responding to paragraph 27 of the Complaint, Defendant MITCHELL denies each and every, all and singular, of the allegations therein.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint and each and every cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Defendant.

#### SECOND AFFIRMATIVE DEFENSE

By failing to make a reasonable inquiry to determine the facts required to support each cause of action they raise, Plaintiffs and their counsel have violated Rule 11 of the Federal Rules of Civil Procedures, warranting the imposition of such sanctions as the Court deems appropriate.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action alleged therein is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred under the doctrine of "accord and satisfaction."

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action contained therein is barred by the applicable statute of limitations.

WHEREFORE, Defendant MITCHELL CONSTRUCTION prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiffs take nothing by this action;

2. The Court issue judgment in favor of Defendant MITCHELL and Precision Masonry;

3. Defendant MITCHELL and Precision Masonry be awarded costs of suit, including reasonable attorney's fees.

4. The Court award Defendant MITCHELL and Precision Masonry its attorney's fees and costs, as sanctions pursuant to FRCP Rule 11.

5. That the Court provide such other and further relief as it deems just and proper;

DATED: June 24, 2008

MILLER & ANGSTADT

Respectfully submitted,

By _____
David Miller
Attorney for Defendant
BRIAN MITCHELL
d.b.a. Precision Masonry

## PROOF OF SERVICE [FRCP 5(b)(d)]

I am a citizen of the United States. My business address is 1910 Olympic Blvd., Suite 220, Walnut Creek, California 94596. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT BRIAN MITCHELL TO COMPLAINT FOR BREACH OF BARGAINING AGREEMENT; RECOVERY OF DELINQUENT WAGE & FRINGE BENEFIT CONTRIBUTIONS; INJUNCTION**

on said date at my place of business, a true and correct copy thereof enclosed in a sealed envelope prepaid for first-class mail for collection and mailing that same day in the ordinary course of business, addressed to the parties as follows:

Kent Khtikian, Esq.
Kimberly A, Hancock. Esq.
Katzenbach & Khtikian
1714 Stockton Street, Suite 300
San Francisco, CA 94133-2930

[X]   **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Walnut Creek, California.

[ ]   **(BY FACSIMILE)** I transmitted a true and correct copy by facsimile to the number indicated above.

[ ]   **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s) as listed above.

[ ]   **(BY OVERNIGHT DELIVERY)** I cause d such envelope(s) to be delivered to an overnight delivery carrier with the delivery fees provided for, addressed to the person(s) on whom it is to be served as shown above.

[X]   **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on June 25, 2008 at Walnut Creek, California

*/s/ Melissa DeVay*
Melissa DeVay

*Answer of Defendant*
*Brian Mitchell d.b.a. Precision Masonry*

6